IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | No. 1:20CR83 |
| | § | Judge Heartfield |
| KEVIN SCOTT KENT | § | |
| a/k/a "BIG KEV" | § § | **(UNDER SEAL)** |

## PLEA AGREEMENT

The defendant, **Kevin Scott Kent, a/k/a "Big Kev,"** the defendant's attorney, Thomas John Burbank, the United States Attorney for the Eastern District of Texas, and the United States Department of Justice's Organized Crime and Gang Section agree to the following:

1. **RIGHTS OF THE DEFENDANT**: The defendant understands that accused individuals have the following rights, among others:

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to have guilt proved beyond a reasonable doubt;

    d. to confront and cross-examine witnesses and to call witnesses in defense; and

    e. to not be compelled to testify against oneself.

2. **WAIVER OF RIGHTS AND PLEA OF GUILTY**: The defendant waives these rights and agrees to enter a plea of guilty to Count One of the First Superseding Indictment, which charges a violation of 18 U.S.C. § 1962(d), conspiracy to participate in a pattern of racketeering activity, and to Count Two of the First Superseding Indictment, which charges

a violation of 18 U.S.C. § 1959(a)(1), kidnapping in aid of racketeering. The defendant understands the nature and elements of the crimes to which guilt is admitted and agrees that the factual statement the defendant has signed is true and will be submitted as evidence.

3. **SENTENCE:** The maximum penalties the Court can impose include:

**FOR COUNT ONE:**

    a. a term of imprisonment for a period of up to life;

    b. a fine not to exceed $250,000;

    c. a term of supervised release of not more than five (5) years. If the defendant violates the conditions of supervised release, the consequence could be imprisonment for the entire term of supervised release;

    d. a mandatory special assessment of $100.00, which must be paid by cashier's check or money order to the United States District Clerk;

    e. forfeiture of property involved in or traceable to the criminal offense;

    f. restitution to victims or to the community; and

    g. costs of incarceration and supervision.

**FOR COUNT TWO:**

    a. a term of imprisonment for a period of up to life;

    b. a fine not to exceed $250,000;

    c. a term of supervised release of not more than five (5) years. If the defendant violates the conditions of supervised release, the consequence could be imprisonment for the entire term of supervised release;

    d. a mandatory special assessment of $100.00, which must be paid by cashier's check or money order to the United States District Clerk;

    e. forfeiture of property involved in or traceable to the criminal offense;

   f. restitution to victims or to the community; and

   g. costs of incarceration and supervision.

4. **COURT'S SENTENCING DISCRETION AND ROLE OF THE GUIDELINES**: The defendant understands that the sentence in this case will be imposed by the Court after consideration of the U.S. SENTENCING GUIDELINES MANUAL (U.S.S.G. or guidelines). The guidelines are not binding on the Court, but are advisory only. The defendant has reviewed the guidelines with defense counsel, but understands that no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. The defendant will not be allowed to withdraw the plea entered pursuant to this agreement if the sentence is higher than expected, so long as it is within the statutory maximum. The defendant understands that the actual sentence to be imposed is solely in the discretion of the Court.

5. **GUIDELINE STIPULATIONS**: The parties agree to jointly recommend the application of the following guidelines calculations:

   a. The base offense level is the greater of 19 or the offense level applicable to the underlying racketeering activity, pursuant to U.S.S.G. § 2E1.1; the underlying racketeering activity includes acts involving murder and kidnapping.

   b. The offense level for the January 2012 conspiracy to murder victim J.C. is 33, pursuant to U.S.S.G. § 2A1.5(a). Because the offense resulted in the death of a victim, U.S.S.G § 2A1.1 applies, pursuant to U.S.S.G. § 2A1.5(c)(1), and the resulting offense level is 43.

   c. The offense level for the late 2014 or early 2015 solicitation to murder victim J.A. is 33, pursuant to U.S.S.G. § 2A1.5(a).

d. The offense level for the March 2016 kidnapping of victim J.J. is 32, pursuant to U.S.S.G. § 2A4.1(a). Because a dangerous weapon was used, a two-level enhancement is applicable, pursuant to U.S.S.G. § 2A4.1(b)(3). The offense level for the March 2016 kidnapping of victim J.J. is therefore 34.

e. The racketeering activity described above does not group, pursuant to U.S.S.G. § 3D1.2.

f. Applying the combined offense level rules found in U.S.S.G. § 3D1.4, the January 2012 conspiracy to murder victim J.C. that resulted in murder has the highest offense level, at 43, and counts for one Unit. The March 2016 kidnapping of victim J.J. and the late 2014 or early 2015 solicitation to murder victim J.A. are both 9 or more levels less serious than the Group with the highest offense level, and therefore are disregarded.

g. The defendant was an organizer or leader of criminal activity that involved five or more participants or was otherwise extensive. Therefore, a four-level increase is applicable, pursuant to U.S.S.G. § 3B1.1(a).

h. Because the offense level for the racketeering activity is greater than 19, the offense level for Count One, not including any reduction for acceptance of responsibility, is 47.

i. The offense charged in Count Two of the First Superseding Indictment merges with the offense charged in Count One and therefore, no additional multiple count adjustment is performed.

j. A reduction of three levels for acceptance of responsibility under U.S.S.G. § 3E1.1 applies; however, this stipulation is subject to recommendation of the United States Probation Office and the other provisions of this plea agreement. If circumstances indicating that the defendant has not accepted responsibility become known after execution of this agreement, this stipulation is void and the defendant may object to the failure of the presentence report to recommend the reduction. The government's request to decrease the offense level by one level in accordance with U.S.S.G. § 3E1.1(b) is contingent on the defendant demonstrating acceptance of responsibility for the offense conduct and cooperating fully in recovering restitution for all relevant conduct.

    k. Although the offense level is greater than 43, the offense level is treated as 43, pursuant to U.S.S.G. Ch. 5 Pt. A, commentary n.2.

The parties understand that the Court is not bound by these stipulations. However, the parties specifically agree that neither party will argue that other specific offense characteristics or guideline adjustments increase or decrease the appropriate sentencing range. The parties further agree that neither party will argue for an upward or downward variance or departure from the applicable guideline range, except as provided herein.

Based on the defendant's criminal history, the defendant's base offense level may increase under the Career Offender guidelines, U.S.S.G. § 4B1.1, or the guidelines implementing the Armed Career Criminal Act, U.S.S.G. § 4B1.4. It will not be a violation of this agreement for either party to argue for or against the changed offense level resulting from the defendant's criminal history.

  6. **ACCEPTANCE OF RESPONSIBILITY:** The defendant understands that by accepting responsibility and giving truthful and complete information concerning his participation in the offense of conviction, he may be entitled to a reduction in his offense level under § 3E1.1 of the Sentencing Guidelines. The defendant shall not violate any other state or federal law or take any action that would obstruct the government's investigation into the offense of conviction or other criminal activities. Upon request, the defendant shall submit a personal financial statement under oath and submit to interviews by the government and the United States Probation Office regarding his ability to satisfy any fines or restitution to be imposed.

  7. **RESTITUTION:** The defendant understands that restitution may be ordered

by the Court. The defendant agrees that restitution in this case is not limited to the offense of conviction and may include restitution for all losses caused by the defendant's criminal conduct, even if such losses resulted from crimes not charged or admitted by the defendant in the factual statement. The defendant waives any defense or objection to any action to enforce the collection of the financial obligations to be imposed in connection with this prosecution, including, but not limited to, all collection procedures authorized by 28 U.S.C. § 3001, 18 U.S.C. § 3664(j)(2), or 18 U.S.C. § 3613(f).

8.   **VIOLATION OF AGREEMENT**:   The defendant understands that upon violation of any provision of this agreement or any Court order or rule, or if the guilty plea pursuant to this agreement is vacated or withdrawn, the government will be free from its obligations under this agreement and may prosecute the defendant for all offenses of which it has knowledge. In such event, the defendant waives any objections based upon delay in prosecution.

9.   **VOLUNTARY PLEA**: This plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises other than those set forth in this agreement.

10.   **WAIVER OF RIGHT TO APPEAL OR OTHERWISE CHALLENGE SENTENCE**: Except as otherwise provided in this paragraph, the defendant waives the right to appeal the conviction, sentence, fine, order of restitution, or order of forfeiture in this case on all grounds. The defendant further agrees not to contest the conviction, sentence, fine, order of restitution, or order of forfeiture in any post-conviction proceeding, including, but not limited to, a proceeding under 28 U.S.C. § 2255. The defendant, however, reserves the right to appeal any punishment imposed in excess of the statutory maximum. The

**Plea Agreement – Page 6**
Rev. 7/25/16

defendant also reserves the right to appeal or seek collateral review of a claim of ineffective assistance of counsel.

11. **WAIVER OF RIGHT TO RECORDS**: The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

12. **REPRESENTATION OF COUNSEL**: The defendant has thoroughly reviewed all legal and factual aspects of this case with defense counsel and is fully satisfied with defense counsel's legal representation. The defendant has received satisfactory explanations from defense counsel concerning each paragraph of this plea agreement, each of the defendant's rights affected thereby, and the alternatives to entering a guilty plea. After conferring with counsel, the defendant concedes guilt and has concluded that it is in the defendant's best interest to enter this agreement rather than proceeding to trial.

13. **LIMITATIONS ON THIS AGREEMENT**: This agreement is only binding on the United States Attorney's Office for the Eastern District of Texas and the United States Department of Justice's Organized Crime and Gang Section, and does not bind any other federal, state, or local prosecuting authority. Nothing in this agreement shall be construed to release the defendant from possible related or consequential civil liability to any individual, legal entity, or the United States.

14. **ENTIRETY OF AGREEMENT**: <u>This Plea Agreement consists of this document and the sealed addendum required by Local Rule CR-49. References in this document to</u>

Plea Agreement – Page 7
Rev. 7/25/16

"agreement" or "Plea Agreement" refer to both this document and the sealed addendum. The defendant, the defendant's attorney, and the government acknowledge that this agreement is a complete statement of the parties' agreement in this case. It supersedes all other plea agreements and may not be modified unless the modification is in writing and signed by all parties. No other promises have been made or implied.

Respectfully submitted,

NICHOLAS J. GANJEI
ACTING UNITED STATES ATTORNEY
EASTERN DISTRICT OF TEXAS

DAVID L. JAFFE, CHIEF
ORGANIZED CRIME AND GANG SECTION

Dated: 10/20/21

CHRISTOPHER RAPP
Assistant United States Attorney

Dated: 10/20/21

BETHANY LIPMAN
Trial Attorney

Dated: 10/20/21

REBECCA DUNNAN
Trial Attorney

    I have read or had read to me this plea agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

Dated: 10-20-21

KEVIN SCOTT KENT
Defendant

Plea Agreement – Page 8
Rev. 7/25/16

I am counsel for the defendant. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge and belief, my client's decision to enter into this plea agreement is an informed and voluntary one.

Dated: 10.20.2021

THOMAS JOHN BURBANK
Attorney for Defendant